IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DIANA L. F,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action 2:22-cv-3670
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Diana L. F. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits. This matter is before the Court for disposition based upon the parties' full consent (ECF No. 4 and Clerk's Notice), and for consideration on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 14), Plaintiff's Reply (ECF No. 15), and the administrative record (ECF No. 7). For the reasons that follow, the Court **OVERRULES** the Plaintiff's Statement of Errors and **AFFRIMS** the Commissioner's non-disability determination.

### I.     BACKGROUND

Plaintiff protectively filed an application for Title II Disability Income and Title II Disabled Widow's Benefits on May 11, 2018, alleging that she became disabled on April 10,

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

2018.  (R. at 846–852.) On November 3, 2021, following administrative denials of Plaintiff's application initially and on reconsideration, an online video hearing was held before Administrative Law Judge Catherine Ma (the "ALJ"). (R. at 535–66.) Plaintiff, represented by counsel, appeared and testified. (*Id.*) A vocational expert, George Coleman (the "VE"), also appeared and testified at the hearing. (*Id.*) The ALJ issued an unfavorable determination on November 17, 2021. (R. at 348–72.) The Appeals Council declined to review that unfavorable determination, and thus, it became final. (R. at 1–7.)

Plaintiff seeks judicial review of the ALJ's unfavorable determination. In her Statement of Errors (ECF No. 12), Plaintiff asserts a single contention of error: the ALJ erroneously rejected walking and standing limitations found by the state agency reviewers, resulting in an inaccurate residual functional capacity. The Court concludes that Plaintiff's sole contention of error lacks merit.

## II.     THE ALJ's DECISION

The ALJ issued her decision on November 17, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 348–72.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31,

2023. (R. at 354.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 10, 2018, the alleged onset date. (*Id.*) At step two, the ALJ found that Plaintiff had the following severe impairments: chronic respiratory disorders, obesity, osteoarthritis of the left knee; essential hypertension, diabetes mellitus, fibromyalgia, obstructive sleep apnea, and degeneration of the lumbar spine. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 13.)

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a)

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

3

> except [Plaintiff] could occasionally climb ramps and stairs. Could never climb ladders, ropes, or scaffolds. Could occasionally stoop, kneel, and crouch. Never crawl. Frequent exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, and poor ventilation. No exposure to hazards such as unprotected heights, dangerous machinery, or commercial driving.

(R. at 357.) In arriving at this RFC, the ALJ found that although her medically determinable impairments could reasonably be expected to cause at least some of her alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record evidence. (R. at 358.)

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a medical voucher clerk. (R. at 364.) At step five, the ALJ relied on testimony from a Vocational Expert ("VE") to determine that Plaintiff could perform past relevant work as actually or generally performed. (R. at 365.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act, since April 10, 2018, the alleged onset date. (*Id.*)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As set forth above, Plaintiff challenges[4] the ALJ's consideration and evaluation of findings from state agency reviewers, Steve Mckee, M.D., William Bolz, M.D., and Murray Gilman, M.D. (the "state agency reviewers") (ECF No. 12). More specifically, Plaintiff contends that the ALJ failed to adequately evaluate supportability or consistency factors in considering the state agency reviewers' findings and the ALJ's analysis of the supportability and consistency factors was deficient. (*Id.*) Plaintiff further asserts that the ALJ did not cite specific evidence in

---

[4] Plaintiff's challenge relates to her physical limits. Accordingly, the Court's discussion is limited to the same.

the record, making it impossible to understand her reasoning for rejecting the standing and walking limitations. (*Id.*)

The Commissioner counters that substantial evidence supports the ALJ's determination and the ALJ adequately explained her reasoning for not accepting the limitations, which Plaintiff conceded. (*Id.*) The Commissioner is correct.

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A claimant's RFC assessment must be based on all the relevant evidence in a his or her case file. *Id.* The governing regulations[5] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings.  20 C.F.R. § 404.1513(a)(1)-(5). When evaluating medical opinions, an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." § 404.1520c(c)(1)–(5). Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. 20 C.F.R. §404.1520c(b)(2).

---

[5] Because Plaintiff's claim was filed after March 27, 2017, the Social Security Administration's new regulations for evaluating prior administrative medical findings control how the ALJ was required to evaluate the state agency reviewers' findings. *See* 20 C.F.R. § 404.1520c.

And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id.*

Moreover, an ALJ is not required to mirror or parrot medical opinions verbatim. *Reeves v. Comm'r of Soc. Sec. Admin.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency [reviewer]'s opinions verbatim; nor is the ALJ required to adopt the state agency [reviewer]'s limitations wholesale.") (citing *Harris v. Comm'r of Soc. Sec. Admin.*, No. 1:13–CV–00260, 2014 WL 346287, at *11 (N.D.Ohio Jan. 30, 2014).)); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

Here, the ALJ determined that the state agency reviewers' findings were generally persuasive. In the written determination, the ALJ summarized the state agency reviewers' findings as follows:

> [The state agency reviewers found] that [Plaintiff] is capable of a less than sedentary exertional level, can stand[/]walk slightly less than 2 hours in an 8 hour day, 10 minutes at a time due to combined effects of all physical conditions. They opined no ladders, ropes, or scaffolds, no crawling, no hazardous machinery, due to combined effects of all physical conditions… (See 1A, 2A, 5A, and 6A (See also D. Murray Gilman's concurrence)).

(R. 362–63.) The ALJ then determined that those findings were generally consistent with the record. (R. 363.) The ALJ explained as follows:

> [The state agency reviewers' findings are] generally consistent with the record. [Plaintiff] underwent a left knee replacement with some continued pain, and views

7

of the lumbar spine showed some degeneration. She also noted continued respiratory issues.

(*Id.*) The ALJ also determined that the state agency reviewers' findings were generally supported by the record. (*Id.*) The ALJ explained as follows:

The totality of the impairments supports the [less than] sedentary level;

(*Id.*) Nevertheless, the ALJ determined that the state agency reviewers' walking and standing limitations lacked record support. (*Id.*) The ALJ explained as follows:

> [H]owever, due to her improvement and generally normal exams, a more limited RFC is not supported. In August of 2021, physical therapy notes showed [Plaintiff] was feeling better. She had normal resting ejection fraction[] exam, she ambulated without an assistive device, with a step through gait pattern. She had equal step length, equal stance time and a normal cadence. It was noted that [Plaintiff] was stable, with no significant concerns with progression/healing. Because of this, I do not adopt the [state agency reviewers'] added standing/walking limitations, but find[] the rest of their opinions persuasive.

(*Id.*)

The Court finds that this discussion and analysis was adequate. As these excerpts demonstrate, the ALJ appropriately considered and discussed the consistency and supportability factors when assessing the state agency reviewers' findings. Moreover, the ALJ's consistency and supportability analysis enjoys record support. The ALJ appropriately explained that the walking and standing limitations were not supported by the record. The ALJ's decision not to include the walking and standing limitations in Plaintiff's RFC was therefore supported by substantial evidence.

First, as to supportability, as the ALJ explained, the walking and standing limits lacked supportability because Plaintiff subsequently showed improvement. Substantial evidence supports that explanation. The ALJ found that notes from Plaintiff's physical therapy sessions in 2021 showed that she reported feeling better. (R. 363.) The record shows that this is true. (R.

8

2542–43.) The ALJ found Plaintiff had normal resting ejection fraction exam. (R. 363.) The record shows that this is true. The ALJ found that Plaintiff ambulated without assistive device, with a step through gait pattern. (R. 363.) The record shows that this is true. (R. 2494.) The ALJ found that Plaintiff had an equal step length, equal stance time and a normal cadence. (R. 363.) The record shows that this is true. (R. 2494.) The ALJ found that Plaintiff was stable, with no significant concerns with progression/healing. (R. 363.) The record shows that this is true. (R. 2498.) Thus, although the ALJ may not have used the term "supportability," the ALJ's discussion satisfied the requirements of § 404.1520(c) as to the lack of supportability of the state agency reviewers' walking and standing limitations.

Similarly, the ALJ provided adequate discussion of the consistency between the state agency reviewers' findings and the remaining evidence of record. Namely, the ALJ pointed out that the three state agency reviewers' findings were the same and were generally consistent with the record evidence. (R. 363.) Though the ALJ notes records that undermine the state agency reviewers' findings, those records demonstrating Plaintiff's subsequent improvements were not available to the state agency reviewers. This discussion satisfied the requirements of § 404.1520(c) as to the consistency of the state agency reviewers' findings.

Finally, Plaintiff concedes that the ALJ explained why she was not adopting the walking and standing limits: "[t]he ALJ did, however, also identify competing evidence that allegedly contradicted the experts' opinions. The ALJ claimed that [Plaintiff's] conditions improved, and that the record contained generally normal exams…" (Pl.'s Statement of Errors, 10, ECF No. 12.) Plaintiff complains that the ALJ did not provide specific citations in her discussion of the state agency reviewers' findings, however, that is not required. Moreover, the ALJ's determination is read as a whole, so that a reviewing court can follow the ALJ's logic. The ALJ's

9

discussion of Plaintiff's noted improvements was sufficient to explain why she was not adopting the standing and walking limitations. Contrary to Plaintiff's assertions, the ALJ's explanation properly links the medical evidence to the functional limitations ultimately imposed, allowing the Court to trace her path of reasoning. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))).

In sum, the Court concludes that the ALJ's discussion of the supportability and consistency factors satisfied the articulation requirements of § 404.1520(c) and that the ALJ's supportability and consistency analysis was supported by substantial evidence. In discussing these factors, the ALJ sufficiently explained her decision not to adopt the walking and standing limitations. Although Plaintiff cites other record evidence that may have supported a more limited RFC, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

## VI. DISPOSITION

Based on the foregoing, the Court **OVERRULES** the Plaintiff's Statement of Errors and **AFFRIMS** the Commissioner's non-disability determination.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
